IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL THOMPSON,

        Petitioner,                No. 2:11-cv-3340 KJN P

   vs.

STATE OF CALIFORNIA,

        Respondent.             <u>ORDER</u>

                          /

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not, however, filed an in forma pauperis affidavit or paid the required filing fee ($5.00). <u>See</u> 28 U.S.C. §§ 1914(a); 1915(a). Petitioner filed a copy of his trust account. (Dkt. No. 2.) Thus, petitioner will be provided the opportunity to either submit the appropriate affidavit in support of a request to proceed in forma pauperis or submit the appropriate filing fee.

        In addition, on December 22, 2011, petitioner filed a motion inquiring whether his case can be expedited inasmuch as he presently has a March 12, 2012 release date, and a delay in resolving this case will deprive him of an opportunity for earlier release. The court will review the petition in an effort to expedite resolution of this action.

////

1

1   The exhaustion of state court remedies is a prerequisite to the granting of a
2   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must
3   be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,
4   thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by
5   providing the highest state court with a full and fair opportunity to consider all claims before
6   presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
7   Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.[2]  The claims have not been presented to the California Supreme Court.  Further, there is no allegation that state court remedies are no longer available to petitioner.  As noted above, exhaustion is mandatory.  Thus, the petition must be dismissed. However, in an abundance of caution, petitioner will be granted leave to amend.  If petitioner concedes his failure to exhaust state court remedies, he may voluntarily dismiss this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis or the appropriate filing fee;

2. Petitioner's December 22, 2011 motion (dkt. no. 4) is partially granted;

3. The petition for writ of habeas corpus is dismissed with leave to file an amended petition within thirty days from the date of this order, or petitioner may request this action be voluntarily dismissed;

////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[2] Petitioner states he filed a "CDCR 602 appeal." (Dkt. No. 1 at 5.)  Administrative appeals filed with the California Department of Corrections are used, *inter alia*, to exhaust administrative remedies prior to filing a civil rights action.  Petitioners pursuing habeas relief must exhaust state court remedies, and are exhausted once the California Supreme Court has ruled on the petition.

4. Any amended petition must be filed on the form provided with this order, must name the proper respondent, and must state all claims and prayers for relief on the form; it must bear the case number assigned to this action and the title "Amended Petition";

5. Petitioner's failure to comply with this order will result in the dismissal of this action; and

6. The Clerk of the Court is directed to send petitioner a copy of the in forma pauperis form, and the court's form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

DATED:  January 4, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

thom3340.101a